944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale PERKINS, Leon Lincicum, Harold Hulse, Stanley Humphrey,
Plaintiffs-Appellants,
v.
GTE NORTHWEST INCORPORATED, a Washington corporation,
Defendant-Appellee.
 No. 90-35544.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 9, 1991.
Decided Sept. 12, 1991.
 
 Before GOODWIN, SCHROEDER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dale Perkins, Leon Lincicum, Harold Hulse, and Stanley Humphrey (the Employees) brought suit in an Oregon state court against GTE Northwest Incorporated (GTE) stating that they were employees of GTE, "subject to the terms and conditions of collective bargaining agreements between defendant and Local Union No. 89 of the International Brotherhood of Electrical Workers." They contended that GTE had agreed to pay a per diem allowance, specified in the collective bargaining agreements; that they had performed "all conditions required of them under the agreements" and "met all conditions precedent" to recovering the per diem allowances"; and that GTE "in breach of the terms of the said agreements" had failed to pay the amount due.
 
 
 3
 GTE removed the case to the federal district court. Jurisdiction existed under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).
 
 
 4
 GTE moved to dismiss the complaint on the ground that it failed to state a claim on which relief could be granted. The district court granted the motion stating, "Plaintiffs' claims must be dismissed because they are preempted by federal law." The district court went on to say that the claims had "to be made under the terms of the collective bargaining agreements" and appeared to conclude that the plaintiffs had failed to make the claims under the collective bargaining agreements.
 
 
 5
 The Employees appeal.
 
 ANALYSIS
 
 6
 To the extent that the Employees' claims were state law claims they were obviously preempted. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 403 (1988). However, on the face of the complaint itself, the claims were made under the collective bargaining agreements and were federal claims. Even if the complaint could be construed as initially stating state claims, the plaintiffs were free to recharacterize their suit as one arising under § 301 of the Labor Management Relations Act. Ghebreselassie v. Coleman Security Service, 829 F.2d 892 (9th Cir.1987).
 
 
 7
 On appeal, GTE argues that we may affirm, not on the basis of preemption, but on the grounds that the Employees failed to allege that they exhausted the remedies available under the collective bargaining agreements. We are free to affirm on any ground visible in the record and we affirm on this ground.
 
 
 8
 The agreement between Local Union 89 IBEW and GTE, Article VIII sets out a grievance procedure for any "alleged violation of the contractual relationship between employer and employee" and provides that the failure of either party to meet the time limits set will result in the default. Article IX further provides for arbitration if there is a difference of opinion as to the interpretation of the agreement. Federal labor policy "requires that individual employees wishing to assert contract grievances must attempt use of a contract grievance procedure agreed upon by employer and union as the mode of redress." Republic Steel v. Maddox, 379 U.S. 650, 652 (1965) (emphasis in original). Nothing in the plaintiffs' complaint indicates that they took the steps required for grievance or arbitration. Nowhere in the complaint is there a reference to use of the remedies provided by the collective bargaining agreements. The allegation of the Employees that they have "duly performed all conditions required of them under the agreements" refers to their right to recover the per diem allowance and does not refer to compliance with the grievance procedure set up by the collective bargaining agreements.
 
 
 9
 Pleading in the federal courts is not a game, and courts construe pleadings liberally so as to do substantial justice. Lynn v. Sheet Metal Workers' International Ass'n, 804 F.2d 1472, 1482 (9th Cir.1986). The Employees have studiously avoided stating that they complied with the grievance and arbitration procedures. When such compliance is a necessary condition for their suit their failure to make the requisite allegations indicate that they are unable to make them.
 
 
 10
 In their reply brief the Employees contend that their allegation that GTE "acted fraudulently towards plaintiffs and plaintiffs' unions in regard to the collective bargaining agreements" can be construed "to allege exhaustion or at least exhaustion of those grievance procedures required." However, when the complaint is examined, it is found that the only fraud alleged is that GTE made "false" representations as to paying the per diem. This recharacterization of the complaint for failure to observe the collective bargaining agreements does not amount to an allegation of exhaustion of the grievance procedures or an excuse for failure to resort to the grievance procedures.
 
 
 11
 The Employees make no issue of being denied the opportunity to amend their complaint. As written, it fails to allege compliance with the terms of the collective bargaining agreement. It fails to state claims on which relief can be granted.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3